IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MIKE K. STRONG,<br><br>               Plaintiff,<br><br>vs.<br><br>CALIBER HOME LOANS, INC; U.S. BANK TRUST, N.A., as Trustee for LSF9 Master Participation Trust; KOZENY & MCCUBBIN, L.C.; and KERRY FELD, Successor Trustee,<br><br>               Defendants. | 8:19-CV-505<br><br>MEMORANDUM AND ORDER |

       This case comes before the Court on three separate motions. First, Defendants Caliber Home Loans, Inc. ("Caliber") and U.S. Bank Trust, N.A. ("U.S. Bank") jointly filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Filing 7. Second, Defendant Kozeny & McCubbin, L.C. ("Kozeny") and Kerry Feld ("Feld") also filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[1] Filing 10. Third, Plaintiff filed a Motion to File Supplemental Authority. Filing 19.

       This case arises out of Defendants' attempts to foreclose on a property owned by Plaintiff. *See generally* Filing 1-1. Plaintiff has filed numerous previous actions seeking to avoid foreclosure and seeking damages, all of which were unsuccessful. Plaintiff's first effort to thwart Defendants' foreclosure was when he filed an adversary proceeding in the United States Bankruptcy Court for the District of Nebraska (the "Bankruptcy Court") in 2013. *See* Bk. No. 13-8038 at Filing 1. The proceeding was dismissed. Bk. No. 13-8038 at Filing 8. Plaintiff then filed for bankruptcy in the Bankruptcy Court in 2015 in a further effort to thwart Defendants' rights to foreclose. *See* Bk. No. 15-80985 at Filing 1. The Bankruptcy Court noted Plaintiff's "bad faith in filing" and barred Plaintiff from filing a Chapter 13 bankruptcy for 180 days. Bk. No. 15-80985 at Filing 42. Plaintiff

---

[1] The Court will collectively refer to Caliber, U.S. Bank, Kozeny, and Feld as "Defendants."

1

also filed another adversary proceeding in the Bankruptcy Court, which was also dismissed. Bk. No. 15-8029 at Filing 1; Filing 57; Filing 58. Around the same time, Plaintiff filed another action in the District Court of Sarpy County, Nebraska, seeking to stop foreclosure proceedings. *See* No. 8:15-cv-466 at Filing 1-1. That case was removed to this Court and subsequently dismissed by the Honorable Robert F. Rossiter. *See* No. 8:15-cv-466 at Filing 1; Filing 37. On November 17, 2017, Plaintiff filed another action in the District Court of Sarpy County, Nebraska, seeking to stop the foreclosure proceedings. No. 8:17-cv-485 at Filing 1-1. That proceeding was also removed to this Court and dismissed by the Honorable John M. Gerrard, who noted Plaintiff's history of litigation was "designed to delay other proceedings against him" and called Plaintiff's claims "meritless." *See* No. 8:17-cv-485 at Filing 1; Filing 44. Plaintiff appealed to the Eighth Circuit Court of Appeals, which affirmed the dismissal. *See Strong v. Caliber Home Loans, Inc. - US Bank Tr., N.A. as Tr. for LSF9 Master Participation Tr.*, 772 F. App'x 374 (8th Cir. 2019).

Now, Plaintiff is again before this Court after filing yet another lawsuit on October 28, 2019, in the District of Sarpy County, Nebraska, which was removed to this Court. *See* Filing 1; Filing 1-1. This case illustrates an anomaly in our district, as somehow Plaintiff has been able to file meritless lawsuits relating to the same property that have now been ruled upon by all three active United States District Court judges for the District of Nebraska and the Bankruptcy Court judge.

As discussed below, the Court finds all of Plaintiff's claims are either barred by res judicata or fail to state a claim. Further, this Court finds Plaintiff's actions to be the epitome of abuse of the court system.[2]

---

[2] Indeed, this Court believes the present lawsuit is completely without merit and given the four meritless legal actions previously filed, this Court would have readily considered a motion for sanctions against Plaintiff, with an award of attorneys' fees in favor of Defendants, if Defendants had moved for such relief.

## I. BACKGROUND[3]

In March 2007, Plaintiff signed a Promissory Note borrowing $357,000 from HSBC Mortgage Services, Inc. ("HSBC") secured by a Deed of Trust on a property located at 15911 South 234th Street in Gretna, Nebraska (the "Property"). Filing 9-1 at 1, 3. HSBC assigned the Deed of Trust to defendant U.S. Bank in July 2015. Filing 1-1 at 3; Filing 9-2 at 1. Defendant Caliber provides loan services in connection with the Property. Filing 1-1 at 3. Defendant Kozeny is a Nebraska law firm acting as a local trustee for the Property. Filing 1-1 at 2. Neither the Complaint nor the parties' briefing details how defendant Feld is involved. Defendants are again attempting to foreclose on the Property. Filing 1-1 at 2..

Plaintiff filed a complaint in the District Court of Sarpy County, Nebraska, seeking damages and prevention of foreclosure related to the Property. *See generally* Filing 1-1. Defendants then removed to this Court and subsequently filed their motions requesting dismissal of Plaintiff's Complaint based on either res judicata or failure to state a claim. *See* Filing 1; Filing 7; Filing 10.

Plaintiff alleges Defendants: (1) breached a contract by failing to pay property taxes on the Property, (2) slandered the Property's title by allowing part of the Property to be sold, (3) inadequately or fraudulently advertised sale of the Property related to a foreclosure sale, and (4) provided defective notice of default to him related to the foreclosure. Filing 1-1 at 5-10. With this primer in mind, the Court turns to the litigation history associated with Plaintiff and the Property.

---

[3] Although Defendants may dispute some of the facts recited herein, when deciding a motion to dismiss, the Court "must accept a plaintiff's factual allegations as true" and make all reasonable inferences in favor of the nonmoving party. *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768–69 (8th Cir. 2012). Additionally, the Court takes judicial notice of and incorporates facts from Plaintiff's prior related actions before this Court and the Bankruptcy Court. *See Nelson Auto Ctr., Inc. v. Multimedia Holdings Corp.*, 951 F.3d 952 (8th Cir. 2020) (stating courts "may consider materials that are part of the public record or do not contradict the complaint, and materials that are "necessarily embraced by the pleadings" at the motion to dismiss stage).

## A. Litigation History

In 2013, Plaintiff filed a "Memorandum in Support of Declaratory Judgment" in the U.S. Bankruptcy Court for the District of Nebraska, naming HSBC as the defendant.[4] Bk. No. 13-8038 at [Filing 1 at 1](). The adversary proceeding was dismissed after Plaintiff failed to oppose HSBC's motion to dismiss. Bk. No. 13-8038 at Filing 8.

In June 2015, Plaintiff filed a Chapter 13 bankruptcy petition, in which he listed the Property as an asset he owned in fee simple, subject to no secured claims. Bk. No. 15-80985 at [Filing 1 at 8](). He listed HSBC, Kozeny, and Caliber as unsecured creditors, and described HSBC's claim as "disputed." Bk. No. 15-80985 at [Filing 1 at 17](). The trustee moved to dismiss Plaintiff's case, asserting that Plaintiff was litigating "for the sole purpose of hindering or delaying his creditors" and that Plaintiff's undisclosed debts made him ineligible for Chapter 13 relief. Bk. No. 15-80985 at [Filing 38](). The bankruptcy court noted Plaintiff's "bad faith in filing," barred Plaintiff from filing under Chapter 13 for 180 days, and granted the trustee's motion. Bk. No. 15-80985 at [Filing 42](). Plaintiff also initiated another adversary proceeding against HSBC, Kozeny, and Caliber related to the Property in June of 2015. Bk. No. 15-8029 at [Filing 1](). The defendants moved to dismiss, and the bankruptcy court granted their motions. Bk. No. 15-8029 at [Filing 43](); [Filing 51](); Filing 57; Filing 58.

On November 24, 2015, Plaintiff filed another suit to prevent foreclosure in the District Court of Sarpy County against HSBC, Caliber, U.S. Bank, and Kozeny. No. 8:15-cv-466 at [Filing 1-1 at 18](). He alleged there was "significant controversy and clouding of the title to [the Property] and Deed of Trust." No. 8:15-cv-466 at [Filing 1-1 at 25](). After the case was removed to this Court, Plaintiff filed an amended complaint asserting the same theories. No. 8:15-cv-466 at [Filing 26]().

---

[4] Plaintiff filed this bankruptcy action against HSBC prior to HSBC assigning the Deed of Trust to U.S. Bank.

4

The defendants moved to dismiss the complaint, and the Honorable Robert F. Rossiter determined Plaintiff failed to state a plausible claim and granted the defendants' motion to dismiss. No. 8:15-cv-466 at [Filing 27](#); [Filing 29](#); [Filing 37](#).

On November 17, 2017, Plaintiff again filed suit against HSBC, Caliber, U.S. Bank, and Kozeny in the District Court of Sarpy County. No. 8:17-cv-485 at [Filing 1-1](#). Plaintiff filed an amended complaint again alleging the illegitimate assignment of the promissory note prevented the defendants from foreclosing on the Property. No. 8:17-cv-485 at [Filing 24](#). The defendants removed the case to this Court and moved to dismiss based on res judicata, failure to state a claim, and jurisdictional grounds. No. 8:17-cv-485 at [Filing 1](#); [Filing 26](#); [Filing 32](#); [Filing 34](#). The Honorable John M. Gerrard noted Plaintiff's history of "vexatious litigation . . . calculated to delay other proceedings against him." No. 8:17-cv-485 at [Filing 44](#). The Court determined Plaintiff's claims were barred by res judicata because "res judicata bars relitigation not only of those matters that were actually litigated, but also those which could have been litigated in the earlier proceeding." No. 8:17-cv-485 at [Filing 44](#) (citing *[Banks v. Int'l Union Elec., Elec., Tech., Salaried & Mach. Workers](#)*, 390 F.3d 1049, 1053 (8th Cir. 2004)). The Court noted that "reliance on different substantive law and new legal theories does not preclude the operation of res judicata . . . if [claims are] based on the same nucleus of operative facts as the prior claim." No. 8:17-cv-485 at [Filing 44](#). The Court also found Plaintiff failed to state a valid claim and therefore dismissed the action. No. 8:17-cv-485 at [Filing 44](#). The Eighth Circuit Court of Appeals affirmed the dismissal on June 19, 2019. *See [Strong](#)*, 772 F. App'x 374.

### B. Present Litigation

Defendants then scheduled a foreclosure sale for the Property for October 28, 2019. [Filing 1-1 at 6](#). Plaintiff responded by filing suit in the District Court of Sarpy County on October 16,

5

2019. Filing 1-1 at 1. Plaintiff's Complaint alleges the Property is split into two parcels: a "larger parcel" consisting of Plaintiff's homestead and a smaller 2.85 acre "second parcel." Filing 1-1 at 4-5. Defendants were responsible for paying property taxes and costs associated with the Property but failed to pay the property taxes totaling $6,163 on the second parcel for 2011, 2012, 2013, and 2014. Filing 1-1 at 3-4. Sarpy County thus sold a tax lien on the second parcel that resulted in a tax foreclosure sale of the second parcel on June 12, 2015, to a third party. Filing 1-1 at 4. Defendants allegedly failed to redeem the second parcel, and a court confirmed the sale of the second parcel on July 30, 2019. Filing 1-1 at 4.

Related to the tax sale and Defendants' alleged failure to pay property taxes on the second parcel as required by the Promissory Note, Plaintiff advances four claims. *See* Filing 1-1 at 5-10. First, Plaintiff alleges breach of contract against U.S. Bank and Caliber because they were responsible for paying property taxes on the second parcel and failed to do so. Filing 1-1 at 5. As a result of the second parcel being sold, Plaintiff alleges the value of the larger parcel was and is significantly reduced. Filing 1-1 at 5. Thus, foreclosure sale of the larger property "is likely to bring far less money than it previously would have, possibly resulting in a deficiency judgment" against Plaintiff in the future. Filing 1-1 at 5. Plaintiff alleges damages "equal to or greater than any deficiency between the selling auction price paid and amount of the indebtedness due" once the larger parcel is sold. Filing 1-1 at 6.

Plaintiff's second claim is slander of the Property's title because the larger parcel's value was allegedly reduced when the second parcel was sold. Filing 1-1 at 6. Further, the title to the larger parcel "is now false," causing Plaintiff "significant damages." Filing 1-1 at 6-7.

Plaintiff's third and fourth claims relate to the sale of the larger parcel that was planned for October 28, 2019. Count three alleges damages resulting from Defendants' choice to advertise the

sale in the "obscure" Bellevue Leader. Filing 1-1 at 7-8. Defendants' failure to advertise in a newspaper in Gretna "intentionally miss[ed] neighbors who would be the audience most interested in the [second parcel]." Filing 1-1 at 8. Further, Defendants only printed an inaccurate legal description of the larger parcel without a street address, photograph, or other description of the home or property. Filing 1-1 at 8. Thus, "the advertising [was] intentionally fraudulent to create an unfair sale and cause [Plaintiff] additional injury and damage." Filing 1-1 at 9.

As his fourth claim, Plaintiff alleges failure of or defective notice of his default on Property payments. Filing 1-1 at 8-9. Specifically, Plaintiff alleges Defendants provided him with notice of his default on November 7, 2017. Filing 1-1 at 9. Plaintiff "pleads that a default notice expires after one year" and thus Defendants must issue him a new default notice and redemption period. Filing 1-1 at 9. Further, a trustee "has no authority to . . . send a default notice or declare an acceleration of the [Promissory Note]." Filing 1-1 at 10. As a result of his four claims, Plaintiff requests a stay of foreclosure sale and damages. Filing 1-1 at 10-11.

Defendants removed to this Court on November 19, 2019, and subsequently filed motions to dismiss based on claim preclusion and failure to state a claim.[5] Filing 1; Filing 7; Filing 10. After briefing was completed, Plaintiff then filed a Motion to File Supplemental Authority. Filing 19. The Court will address all three motions below.

### A. DISCUSSION

### A. Standard of Review

---

[5] Caliber and U.S. Bank jointly filed their motion and complete briefing. *See* Filing 7; Filing 8; Filing 16. Kozeny and Feld jointly filed their motion based upon the same grounds as Caliber and U.S. Bank, but instead of researching and briefing the matter, they incorporated and relied on the briefing filed by Caliber and U.S. Bank "to avoid burdening the Court with repetitious and duplicative filings and arguments." *See* Filing 10; Filing 11; Filing 17. Accordingly, the Court will address all arguments in unison.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to satisfy this requirement, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Corrado v. Life Inv'rs Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

In analyzing a motion to dismiss, the Court must "accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party, but [is] not bound to accept as true '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' or legal conclusions couched as factual allegations." *McDonough v. Anoka Cty.*, 799 F.3d 931, 945 (8th Cir. 2015) (citations omitted) (quoting *Iqbal*, 556 U.S. at 678). "When considering a Rule 12(b)(6) motion, the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Ashford v. Douglas Cty.*, 880 F.3d 990, 992 (8th Cir. 2018) (quoting *Smithrud v. City of St. Paul*, 746 F.3d 391, 395 (8th Cir. 2014)).

**B. Motion to Supplement the Record**

Plaintiff filed a Motion to File Supplemental Authority containing additional case law and a whole new brief discussing new topics. Filing 19. Essentially, it is a motion for leave to surreply by which Plaintiff seeks to alert the Court to previously existing case law that "controls or instructs" in regard to Defendants' Motion to Dismiss. Filing 19 at 1-2. NECivR 7.1(c) allows the

moving party to file a reply brief. After that, "[n]o party may file further briefs or evidence without the court's leave." NECivR 7.1(c). Plaintiff has not shown the Court good cause for granting his motion. Further, the matter is already briefed, and the Court has examined the case law pertinent to the pending issues. Therefore, the Court denies Plaintiff's motion.

### C. Res Judicata

Given the significant litigation history surrounding the Property and Plaintiff's repeated attempts to derail any sale of the Property, Defendants argue Plaintiff's claims are barred by res judicata based on the Honorable John M. Gerrard's dismissal of Plaintiff's claim in 8:17-cv-485. While the Court found Plaintiff's claims barred by res judicata in that proceeding, the same is not true as to all of Plaintiff's present claims because one of Plaintiff's claims was not available to him at the time of Plaintiff's prior litigation.

"The preclusion principle of res judicata prevents 'the relitigation of a claim on grounds that were raised or could have been raised in the prior suit.'" *Banks*, 390 F.3d at 1052 (quoting *Lane v. Peterson*, 899 F.2d 737, 741 (8th Cir. 1990)). Res judicata bars a claim if (1) the prior judgment was rendered by a court of competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases. *Id.* The parties do not dispute that the Court in 8:17-cv-485 was a court of competent jurisdiction or that the judgment it issued was final and on the merits. The parties also do not dispute that the present action and 8:17-cv-485 involve the same parties or their privies. The only remaining issue is whether the same cause of action is involved.

"Res judicata bars claims that were or could have been litigated in the earlier proceeding" but "does not apply to claims that did not exist when the first suit was filed." *Wedow v. City of Kansas City*, 442 F.3d 661, 669 (8th Cir. 2006). A claim is barred by res judicata "if it arises out

9

of the same nucleus of operative facts as the prior claim." *Banks*, 390 F.3d at 1052. Plaintiff filed the previous action on November 17, 2017, and alleged illegitimate assignment of the promissory note used to buy the Property. No. 8:17-cv-485 at Filing 1-1; Filing 24. Ultimately, Plaintiff sought to prevent the Property's foreclosure. No. 8:17-cv-485 at Filing 24. Here, Plaintiff is not alleging illegitimate assignment of the promissory note but is instead alleging (1) breach of contract stemming from Defendants' failure to pay taxes on the Property for 2011, 2012, 2013, and 2014; (2) slander of title stemming from the sale of the second parcel in 2015; (3) fraudulent advertising related in September and October of 2019 related to sale of the larger parcel; and (4) inadequate notice of default. *See generally* Filing 1-1.

While Plaintiff's goal of stymieing any foreclosure action related to the Property is the same throughout his many meritless lawsuits, the facts underlying his present causes of action are slightly different than those present in his prior courthouse escapades. However, "[r]es judicata bars claims that . . . could have been litigated in the earlier proceeding." *Wedow*, 442 F.3d at 669; *see also Brown v. Felsen*, 442 U.S. 127, 131, 99 S. Ct. 2205, 2209, 60 L. Ed. 2d 767 (1979) ("Res judicata prevents litigation of all grounds for . . . recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. Res judicata thus encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes.").

Plaintiff filed his prior action before this Court on November 17, 2017. No. 8:17-cv-485 at Filing 1-1. As such, he could have litigated his breach of contract claims stemming from unpaid 2011, 2012, 2013, and 2014 taxes in his 2017 lawsuit because contract causes of action "accrue at the time of breach or the failure to do the thing agreed to. This is so even though the nature and extent of damages may not be known." *Weyh v. Gottsch*, 303 Neb. 280, 296, 929 N.W.2d 40, 52

(2019). Plaintiff's slander of title claim arises from the sale of the second parcel in 2015. Filing 1-1 at 4, 7. As such, Plaintiff could have litigated this matter in his 2017 lawsuit.[6] Plaintiff's fourth cause of action involving defective notice of default arises from Defendants' November 7, 2017, notice of default. Filing 1-1 at 9. Plaintiff could have previously litigated this claim in his November 17, 2017 lawsuit.[7] Accordingly, Plaintiff's claims for breach of contract, slander of title, and defective notice of default claims are barred by res judicata, and the Court will dismiss them.

However, Plaintiff could not have litigated his fraudulent notice of sale claims in Plaintiff's November 2017 lawsuit as Plaintiff alleges Defendants published a notice of sale five times throughout September and October of 2019. Filing 1-1 at 8. Therefore, this claim is not barred by res judicata.

### D. Failure to State a Claim

Plaintiff's breach of contract, slander of title, and defective notice claims are barred by res judicata. As discussed below, Plaintiff has failed to state a claim for his remaining inadequate or fraudulent advertisement of sale claim, therefore the Court will also dismiss this claim.

Plaintiff's fraudulent advertisement of sale claim is based on Defendants' choice to advertise an allegedly inaccurate legal description of the larger parcel without a street address, photograph, or other description of the home or property in the "obscure" *Bellevue Leader*. Filing

---

[6] "An action for slander of title is based upon a false and malicious statement, oral or written, which disparages a person's title to real or personal property and results in special damage." *Wilson v. Fieldgrove*, 280 Neb. 548, 552, 787 N.W.2d 707, 711 (2010). Nowhere does Plaintiff allege the filing of false notices or claims by Defendants. Nowhere does Plaintiff allege any false oral statements made by Defendants. Further, Plaintiff has not alleged Defendants filed any notices or claims "for the purpose only of slandering title to [the larger parcel]." Thus, even if res judicata did not apply to Plaintiff's slander of title claim, the Court would dismiss this claim pursuant to Fed. R. Civ. P. 12(b)(6).

[7] Further, Neb. Rev. Stat. § 76-1006 describes the prerequisites to utilizing the power of sale authorized under the Trust Deeds Act. One of those prerequisites requires a trustee or its attorney to file a notice of default prior to the foreclosure sale. Neb. Rev. Stat. § 76-1006(1)(a). Nowhere in section 76-1006 did the legislature place an expiration date on default notices. Thus, Kozeny, as trustee, had the authority to file the notice of default, and the default did not expire. Accordingly, Plaintiff has not and cannot state a claim under Neb. Rev. Stat. § 76-1006.

1-1 at 7-8. Defendants' failure to advertise in a newspaper in Gretna "intentionally miss[ed] neighbors who would be the audience most interested in the [second parcel]," and the allegedly inadequate description of the larger parcel was "intentionally fraudulent to create an unfair sale and cause [Plaintiff] additional injury and damage." Filing 1-1 at 7-8. Defendants argue (1) the *Bellevue Leader* and legal description are sufficient under the applicable statute, and (2) there is no remedy for defective notice of sale under Nebraska Revised Statute § 76-1007. It is unclear whether Plaintiff is alleging a fraud or a violation of Nebraska Revised Statute § 76-1007. Regardless, the Court addresses both and finds Plaintiff has failed to state a claim as to either.

If Plaintiff is alleging fraud, he must "state with particularity the circumstances constituting fraud" and allege "(1) that a representation was made; (2) that the representation was false; (3) that when made, the representation was known to be false or made recklessly without knowledge of its truth and as a positive assertion; (4) that it was made with the intention that [Plaintiff] should rely upon it; (5) that [Plaintiff] reasonably did so rely; and (6) that [Plaintiff] suffered damage as a result. Fed. R. Civ. P. 9(b); *Fast Ball Sports, LLC v. Metro. Entm't & Convention Auth.*, 21 Neb. App. 1, 10, 835 N.W.2d 782, 791 (2013). To "state with particularity" means to "specify[ ] the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *Streambend Properties II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1013 (8th Cir. 2015) (alteration in original) (quoting *U.S. ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 822 (8th Cir. 2009)).

Plaintiff fails to properly plead a fraud claim due to lack of particularity and coherence. The only false statement present is the allegedly inaccurate legal description of the larger parcel. And, Plaintiff would not have standing to assert any potential fraud claim on that basis because he

is not the party buying the property after relying on any false statement. Rather, the buyer of the parcel would be the party relying on a false property description. Further, there are no damages yet, because nothing shows the sale has occurred and nothing "was obtained as a result" of the alleged fraud. *Streambend Properties II, LLC*, 781 F.3d at 1013. Thus, Plaintiff has not stated a claim for fraud.

Turning to an alleged statutory violation, Nebraska Revised Statute § 76-1007 governs the sale of trust property and describes process requirements for such sales. Section 76-1007(1) requires notice of the sale by publication "in some newspaper having a general circulation in each county in which the property to be sold, or some part thereof, is situated." The notice must "particularly describe[e] the property to be sold." *Id.* Here, the larger parcel is located in Gretna, Nebraska, within Sarpy County. Filing 9-1 at 2-3. Bellevue is also within Sarpy County, and Defendants advertised in the *Bellevue Leader* newspaper. Filing 1-1 at 7-8. Thus, Defendants' publication medium satisfies the requirements of section 76-1007(1). Further, the notice of sale included the legal description of the Property, which "particularly describe[es] the property." Neb. Rev. Stat. § 76-1007(1).

Even if the legal description were inaccurate, the sale has not yet occurred. The Trust Deeds Act, of which section 76-1007 is a part, "does not provide a remedy for a defective trustee's sale." *Homebuyers Inc. v. Watkins*, No. A-18-258, 2019 WL 2361760, at *6 (Neb. Ct. App. June 4, 2019), *review denied* (Sept. 16, 2019), *review denied* Sept. 16, 2019 (citing *Gilroy v. Ryberg*, 266 Neb. 617, 667 N.W.2d 544 (2003)). Rather, the "trustor can sue in equity to set the sale aside." *Homebuyers Inc.*, 2019 WL 2361760, at *6. As a result, Plaintiff has not stated and cannot state a claim under section 76-1007 until the sale occurs, which is has not. Further, this Court is not convinced such a claim could be made anyway even if the sale had proceeded.

### E. Leave to Amend

The Court concludes that all of Plaintiff's claims are barred by res judicata or should otherwise be dismissed on other grounds. In his brief, Plaintiff notes that he "may move to amend" his complaint if the sale of the second parcel results in the purchaser becoming a nuisance to the larger parcel. Filing 13 at 11-12. Plaintiff does not, however, request leave to amend. The Federal Rules of Civil Procedure provide that leave to amend should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a). However, "permission to amend may be withheld if the plaintiff does not have at least colorable grounds for relief." *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk,* 340 F.3d 605, 616 (8th Cir. 2003).

Accordingly, the Court will not allow Plaintiff to amend here because (1) he has not requested leave; (2) the majority of his claims are barred by res judicata and could not be amended anyway; (3) his remaining claim that is not barred by res judicata has no colorable grounds for relief; and (4) Plaintiff has repeatedly abused the litigation process to thwart foreclosure sales of the Property and after five separate actions justice requires this matter to be concluded.

### F. CONCLUSION

For the foregoing reasons, the Court finds all of Plaintiff's claims are either barred by res judicata or fail to state claims. Accordingly, the Court will grant Defendants' Motions to Dismiss. The Court also denies Plaintiff's Motion to File Supplemental Authority.

IT IS THEREFORE ORDERED:

1. The Motion to Dismiss (Filing 7) jointly filed by defendants Caliber and U.S. Bank is granted;

2. The Motion to Dismiss (Filing 10) jointly filed by defendants Kozeny and Feld is granted;

3. Plaintiff's Motion to File Supplemental Authority (Filing 19) is denied;

4. Plaintiff's Complaint (Filing 1-1) is dismissed in its entirety;

5. Plaintiff's claims for breach of contract (Count I), slander of title (Count II), and defective notice of default (Count IV) are dismissed with prejudice;

6. Plaintiff's claim for inadequate and fraudulent advertisement of sale (Count III) is dismissed without prejudice; and

7. The Court will enter a separate judgment.

Dated this 3rd day of April, 2020.

BY THE COURT:

Brian C. Buescher
United States District Judge